UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE CRISAFI FLP,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VICTOR GARCIA, Does 1–10, inclusive<br><br>　　　　Defendant. | Case No. 16-cv-02916-JCS<br><br>**REPORT AND RECOMMENDATION REGARDING MOTION TO REMAND TO STATE COURT**<br><br>Re: Dkt. No. 3 |

## I.  INTRODUCTION

On March 25, 2016, Plaintiff The Crisafi FLP ("Crisafi") brought an unlawful detainer action in Alameda County Superior Court against Defendant Victor Garcia. Garcia, proceeding pro se, removed the case to this Court on May 31, 2016. Crisafi has filed a Motion to Remand ("Motion") asking the Court to remand the action to state court on the grounds that there is no federal jurisdiction, either under 28 U.S.C. § 1331 (federal question) or § 1332 (diversity), and the removal was untimely under 28 U.S.C 1447(c). Crisalfi filed a consent to magistrate jurisdiction under 28 U.S.C. § 636(c) but Garcia has neither consented to magistrate jurisdiction nor requested reassignment and the deadline to do so has passed. Garcia also did not file an Opposition to the Motion by the June 16, 2016 deadline. Accordingly, the Court will reassign this case to a United States district judge with the recommendation that the Court GRANT Crisalfi's Motion and remand this action to the California Superior Court for Alameda County. The motion hearing set for **July 8, 2016 at 9:30 a.m. is vacated**.

## II.  ANALYSIS

Federal courts have limited subject matter jurisdiction, and may only hear cases falling within their jurisdiction. A defendant may remove a civil action filed in state court if the action could have been filed originally in federal court. 28 U.S.C. § 1441. The removal statutes are construed restrictively so as to limit removal jurisdiction. *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100,

108−09 (1941). The Ninth Circuit recognizes a "strong presumption against removal." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (internal quotations omitted). Any doubts as to removability should be resolved in favor of remand. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). The defendant bears the burden of showing that removal is proper. *Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004).

Garcia's Notice of Removal invokes federal question jurisdiction. *See* Notice of Removal ¶ 6.[1] Federal question jurisdiction under § 1331 encompasses civil actions that arise under the Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 1331. "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turns on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088 (9th Cir. 2002) (citations omitted). "The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Wayne v. DHL Worldwide Express*, 294 F.3d 1179, 1183 (9th Cir. 2002) (quoting *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). A federal question must arise from the complaint—it is "settled law that a case may not be removed to federal court on the basis of a federal defense." *Caterpillar*, 482 U.S. at 393.

Here, the Complaint alleges only violations of California state law. Defendant's Notice of Removal states that a "[f]ederal question exists because Defendant's Answer, a pleading depend [sic] on the determination of Defendant's rights and Plaintiff's duties under federal law." Notice of Removal ¶ 10. Even if that is so, a federal defense presented in the Answer provides no basis for removal. *See Caterpillar*, 482 U.S. at 393. The undersigned therefore finds no basis for federal jurisdiction, and recommends that the case be remanded.

Further, Garcia's notice of removal is untimely. "The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or

---

[1] Garcia has not invoked federal diversity jurisdiction under 28 U.S.C. § 1332, and there is no indication that diversity jurisdiction applies. All parties appear to be citizens of California. Further, Garcia does not allege that the amount in controversy exceeds $75,000. Crisafi alleges past rent due amounting to only $4,864.00. Notice of Removal, Exhibit A, p. 3.

otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding tis based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." 28 U.S.C. § 1446(b).  Defects in removal procedures are waived unless challenged by timely motion for remand in the federal court, filed within thirty days after the filing of the notice of removal in federal court. 28 U.S.C § 1447(c); Maniar v. FDIC, 979 F.2d 782, 785 (9th Cir. 1992) (courts may not remand *sua sponte* for procedural defects, including defects in removal procedures, after thirty day limit).  Plaintiff timely challenged Garcia's motion for remand on this ground.  *See* Motion for Remand (filed June 2, 2016).  Garcia was served on March 28, 2016.  His notice of removal was filed May 31, 2016, falling outside the thirty days allotted him.  *See* Notice of Removal.  Garcia's notice of removal is therefore untimely.

### III.   CONCLUSION

For the reasons stated above, the undersigned recommends that Motion be GRANTED and that this action be REMANDED to the California Superior Court for Alameda County.  The case will be reassigned to a United States district judge for action on this recommendation and any further proceedings. Any party may file objections to this recommendation no later than fourteen days after being served with a copy of this Report.

Garcia, who is unrepresented, is encouraged to consult with the Federal Pro Bono Project's Legal Help Center in either of the Oakland or San Francisco federal courthouses for assistance.  The San Francisco Legal Help Center office is located in Room 2796 on the 15th floor at 450 Golden Gate Avenue, San Francisco, CA 94102.  The Oakland office is located in Room 470-S on the 4th floor at 1301 Clay Street, Oakland, CA 94612.  Appointments can be made by calling (415) 782-8982 or signing up in the appointment book located outside either office. Lawyers at the Legal Help Center can provide basic assistance to parties representing themselves but cannot provide legal representation.

**IT IS SO ORDERED**

Dated:  June 20, 2016

_____
JOSEPH C. SPERO
Chief Magistrate Judge

3